UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL THOMAS DAVITT, | Case No. 3:22-cv-00381-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| ELKO COUNTY SHERIFF, | |
| Respondent. | |

Michael Thomas Davitt has submitted a *pro se* 28 U.S.C. § 2241 habeas corpus petition. (ECF No. 1-1.) But on initial review, the Court finds that Davitt's claims appear unexhausted, and that federal abstention is required, so the petition is dismissed without prejudice.

Davitt states that he was arrested on July 1, 2022, and is in the custody of the Elko County Sheriff. (*Id.* at 2.) In his petition for federal habeas relief, he alleges that he was not brought before a judge within 72 hours, that he was denied a phone call to post bond for 33 days, and that his public defenders are rendering ineffective assistance of counsel. (*Id.* at 6.) Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas

petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (finding that fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *See Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Davitt states that he has exhausted this petition. However, the Court takes judicial notice of the fact that he submitted this petition less than two months after he was arrested, and it would be impossible to pursue relief at the state district court and state appellate levels in that short time. The Court also takes judicial notice of the Nevada appellate courts' online records, which do not show any appeal from a denial of a state § 2241 habeas petition. This alone bars this Court's consideration of his federal habeas petition.

But even if the Court assumed that Davitt has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf., e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d

965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *See Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Davitt challenges the alleged delay in posting bond and argues that his counsel is rendering ineffective assistance. (ECF No. 1-1 at 6.) Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Davitt's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. He faces no extraordinary or irreparable injuries, so federal abstention is required. It does not appear that dismissal of this action without prejudice will materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

The Clerk of Court is directed to file the petition for writ of habeas corpus. (ECF No. 1-1.)

It is further ordered that the petition is dismissed without prejudice.

It is further ordered that the Clerk of Court direct informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and sending a notice of electronic filing to his office for the petition and this order. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further directed to enter final judgment dismissing this action and close this case.

DATED THIS 2nd Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE